IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01214-PSF-OES

KATHLEEN M. TOWERS, a Colorado resident,

    Plaintiff,

v.

SAFEWAY INC., a Delaware Corporation,

    Defendant.

---

**ORDER ON PENDING MOTION FOR SUMMARY JUDGMENT**

---

THIS MATTER is before the Court on Safeway's Motion for Summary Judgment (Dkt. # 46), filed on August 1, 2005. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff Kathleen M. Towers alleges gender discrimination under Title VII of the Civil Rights Act of 1964, as amended in 42 U.S.C. § 2000(e). *See* Compl. ¶ 1. Ms. Towers filed her Response on August 31, 2005 (Dkt. # 58). Safeway's Reply was filed September 22, 2005 (Dkt. # 64).

**I.    FACTUAL BACKGROUND**

Ms. Towers brings this action challenging Safeway's failure to select her for any of three promotional opportunities at Safeway. *See* Compl. ¶ 14-28. Ms. Towers alleges that Safeway discriminatorily failed to promote her based on her gender, in violation of Title VII of the Civil Rights Act of 1964. *See* Compl. ¶ 1.

Ms. Towers has worked for Safeway since 1978. *See* Answer. ¶ 10; Def.'s Mot. Summ. J. Br. at 1. She has held several different jobs at Safeway and gained

experience in a wide variety of Safeway's practices at the distribution warehouse. *See* Pl.'s Resp. at 4; Def.'s Mot. Summ. J. Br. at 1-2.

In July of 2002, Safeway posted a job announcement for three open Warehouse Supervisor positions. *See* Answer, ¶ 14; Def.'s Mot. Summ. J. Br. at 2. The job announcement listed "preferred or desired" qualifications that the successful candidate would possess including:

- High School graduate; 2-4 years college preferred.
- 5+ years of distribution, production, or warehouse experience.
- Knowledge of OSHA safety regulations, sanitation, and food safety.
- Experience using warehouse management system to control inventories.
- Strong interpersonal/communication skills necessary for successful leadership.
- Able to chart, forecast, plan, manage, and measure day-to-day operations.
- Able to interact with multiple levels of management in furtherance of company goals.
- Possess initiative, customer service skills, and resourcefulness.
- Working knowledge of Microsoft Word and Excel.

Job Opportunity Posting attached as Ex. D to Def.'s Mot. Summ. J. Br.

Ms. Towers was not initially selected for an interview, despite ostensibly meeting many if not all of the preferred qualifications listed on the job posting. *See* Pl's Resp. at 14-16; Def.'s Reply Br. at 12-13 (acknowledging that she was initially passed over but claiming this was due to a lack of supervisory experience, a criterion not listed on the job posting). However, after indicating her interest to her supervisor, Ms. Towers was granted an interview. *See* Pl.'s Resp. at 7; Def.'s Mot. Summ. J. Br. at 3. Additionally,

five male candidates were selected for interviews.  *See* Answer ¶ 18-19; Def.'s Mot. Summ. J. Br. at 3.

The interviews took place in July 2002 before a panel of four interviewers—all of whom were male.  *See* Answer ¶ 17; Def.'s Mot. Summ. J. Br. at 4.  The three candidates selected to fill the Warehouse Supervisor positions were all male.  *See* Answer ¶ 30; Def.'s Mot. Summ. J. Br. at 6.  Ms. Towers contends she was more qualified than these three and that she was not promoted due to her gender.  *See* Compl. ¶ 29-35.  She further contends that Safeway "required more qualifications of" her than they did from her male counterparts by requiring her to seek college credit to be eligible for a promotion, which it did not require of the three males who were promoted.  *See id.* at ¶¶ 36-39.

Safeway alleges that they did not promote Ms. Towers to Warehouse Supervisor because she was not the best-qualified candidate.  *See* Def.'s Mot. Summ. J. Br. at 5.  Specifically, Safeway contends that Ms. Towers had no previous supervisory experience and that she did not interview well or display qualities and characteristics that were desirable for the position during the interview.  *See id.* at 5-6.

## II.   APPLICABLE SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate under F.R.Civ.P. 56(c) if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  F.R.Civ.P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  When applying this standard, the Court reviews the pleadings and the documentary evidence in the light

most favorable to the nonmoving party. *See Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).  To defeat a properly supported motion for summary judgment, "there must be evidence on which the jury could reasonably find for" the nonmoving party.  *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995), *cert. denied*, 516 U.S. 1160 (1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  In addition, "'where the non-moving party will bear the burden of proof at trial on a dispositive issue' that party must 'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment."  *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 322).

In an employment discrimination case for failure to promote based on gender, the employee carries the initial burden of establishing a *prima facie* case of discrimination.  *See Nulf v. International Paper Co.*, 656 F.2d 553, 557-58 (10th Cir. 1981) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  To establish a *prima facie* case, a female employee must show (1) that a promotional opportunity was available that was later filled by males; (2) the employee was qualified and available to fill the position; and (3) that despite meeting the qualifications for the promotional position, the employee was not promoted.  *See id.* at 558; *see also Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1362 (10th Cir. 1997).

Once the employee has made such a showing, discriminatory intent on the part of the employer is presumed.  *See Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Srvs.*, 165 F.3d 1321, 1328 (10th Cir. 1999), *cert. denied*, 528

4

U.S. 815 (1999).  To negate this discriminatory presumption, "the burden shift[s] to the employer to articulate 'some legitimate, nondiscriminatory reason' for the questioned action."  *Nulf*, 656 F.2d at 558 (citing *McDonnell Douglas*, 411 U.S. at 802).

If the employer provides a legitimate nondiscriminatory reason for not promoting the employee, the burden shifts back to the employee to "show that the stated reason is actually a pretext for prohibited discrimination."  *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804).  To survive summary judgment, the employee must present sufficient evidence "such that a reasonable jury could conclude that the proffered nondiscriminatory reason for the employment action is pretextual, that is, 'unworthy of belief.'"  *Simms*, 165 F.3d at 1328 (quoting *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998), *cert. denied*, 525 U.S. 1054 (1998)).  "To establish pretext a plaintiff must show either that 'a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence.'"  *Bullington v. United Airlines Inc.*, 186 F.3d 1301, 1317 (10th Cir. 1999) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)), *implicitly overruled on other grounds as recognized by Boyer v. Cordant Techs.*, 316 F.3d 1137, 1140 (10th Cir. 2003).  "Evidence of pretext may include, but is not limited to, the following: prior treatment of plaintiff; the employer's policy and practice regarding minority employment (including statistical data); disturbing procedural irregularities (*e.g.*, falsifying or manipulating hiring criteria); and the use of subjective criteria."  *Simms*, 165 F.3d at 1328 (citing *Colon-Sanchez v. Marsh*, 733 F.2d 78, 81 (10th Cir. 1984), *cert. denied*, 469 U.S. 855 (1984)).

When "applicants are equally qualified, it is within the employer's discretion to choose among them so long as the decision is not based on unlawful criteria." *Colon-Sanchez*, 733 F.2d at 82 (citing *Burrus v. United Tel. Co. of Kan., Inc.*, 683 F.2d 339, 343 (10th Cir. 1982), *cert. denied*, 459 U.S. 1071 (1982)). It is not the role of the court to determine which applicant should have been hired or to pass judgment upon employer's employment decisions, but only to determine if the employment decisions were unlawful. *See Simms*, 165 F.3d at 1330 (citing *Verniero v. Air Force Acad. Sch. Dist.*, 705 F.2d 388, 390 (10th Cir. 1983)). Thus, this Court must determine whether Safeway's decision not to promote Ms. Towers was impermissibly based on gender.

### III. ANALYSIS

It is undisputed that there was a promotional opportunity available at Safeway for three Warehouse Supervisors. *See* Answer ¶ 14; Def.'s Mot. Summ. J. Br. at 2. It is also undisputed that three males filled these positions. *See* Answer ¶ 22, 30; Def.'s Mot. Summ. J. Br. at 6. As Safeway has assumed for purposes of summary judgment that Ms. Towers was qualified for and able to fill the position of Warehouse Supervisor, so will the Court, or assume that it is a disputed issue of fact. *See* Def.'s Mot. Summ. J. Br. at 11. It is also undisputed that Ms. Towers was not promoted to Warehouse Supervisor. *See* Compl. ¶ 28; Def.'s Mot. Summ. J. Br. at 5; *see also* Def's Mot. Summ. J. Br. at 11 (assuming for purposes of the motion plaintiff's *prima facie* case).

Safeway has articulated a "legitimate, nondiscriminatory reason" for not awarding Ms. Towers the promotion. *Nulf*, 656 F.2d at 558 (citing *McDonnell*, 411 U.S. at 802). Safeway contends that Ms. Towers was not selected because she was not the

best-qualified candidate for the job.  *See* Def.'s Mot. Summ. J. Br. at 5.  According to Safeway, Ms. Towers lacked supervisory experience, which other candidates possessed, and she did not interview well, while other candidates exhibited desired characteristics during their respective interviews.  *See id.*

As Safeway has proffered a "legitimate, non-discriminatory reason" for not promoting Ms. Towers, the burden now rests with Ms. Towers to provide evidence that the proffered reason is merely pretext for discrimination.  *Nulf*, 656 F.2d at 558 (citing *McDonnell*, 411 U.S. at 802); *see also Simms*, 165 F.3d at 1328; *Bullington*, 186 F.3d at 1317.  She has presented such evidence by plausibly showing Safeway's prior treatment of her, manipulation of hiring criteria, and treatment of female employees, including statistical data.

Ms. Towers presents evidence that Safeway representatives previously indicated to her that she needed college credit in computer courses to be eligible for a promotion to a supervisory position.[1]  *See* Towers Dep. at 139:12-140:3, Ex. 1 to Pl.'s Resp.  Ms. Towers contends that the three successful candidates were not subjected to the same requirement for college computer courses and one was even provided with on-the-job computer training.  *See* Training Records of King, Pawelcik, and Thomas,

---

[1]  Safeway alleges the introduction of this evidence is time-barred by 42 U.S.C. § 2000e-5(e)(1). *See* Def.'s Reply Br. at 7.  As Ms. Towers is not suing for disparate treatment in reference to the college course requirement, but is using Safeway's prior treatment of her to create an inference of pretext, the introduction of this evidence is not time-barred by 42 U.S.C. § 2000e-5(e)(1), which requires a charge be filed within 180 days after the alleged unlawful employment practice occurred or, if the employee has initially filed a complaint with a state or local agency with authority over such matters, within 300 days after the alleged unlawful employment practice occurred.

Exs. 10, 11, and 12 to Pl.'s Resp., respectively; King Dep. at 8:11-23, 49:18-50:9, Ex. 7 to Pl.'s Resp.

In response, Safeway contends that Ms. Towers herself initiated taking college courses to increase her chances of gaining a promotion and admitted such in her deposition. *See* Def.'s Reply Br. at 8. The testimony presented by defendant does not negate the inference that it represented to Ms. Towers that computer classes were a prerequisite for promotion. *See, e.g.*, Pl.'s Resp., Ex. 1 at 139:12-140:3. Safeway has offered no direct evidence negating the inference that it informed Ms. Towers that she needed computer experience. There is a genuine issue of material fact relating to whether or not Safeway required Ms. Towers to gain computer experience to be eligible for a promotion while not requiring the same for males.

Ms. Towers also offers evidence that Safeway may have manipulated the hiring criteria to exclude her from the interview process. She alleges that while she was not initially chosen for an interview based on her lack of college credit, two other male candidates who also lacked this preferred requirement were selected for interviews. *See* Pl.'s Resp. at 14-15; White Dep. at 53:24-54:2, Ex. 13 to Pl.'s Resp; Grambusch Dep. at 57:20-58:1, Ex. 14 to Pl.'s Resp. Safeway contends that it was the lack of prior supervisory experience that was the determining factor in selecting interview candidates. *See* Def.'s Reply Br. at 13. However, Ms. Towers shows that one or more male interviewees also may have lacked supervisory experience. *See* Pl.'s Resp. at 14-17 and exhibits cited therein. Additionally, supervisory experience was not listed as a "preferred or desired" qualification on the job posting. Def.'s Mot. Summ. J. Br.,

Ex. D.  While it is generally within the employer's discretion to choose between candidates, evidence of possible manipulation of hiring criteria allows an inference of pretext to any proffered non-discriminatory reason for the subjective choice.  *See Simms*, 165 F.3d at 1328 (citing *Colon-Sanchez*, 733 F.2d at 81).

Ms. Towers alleges that while Safeway contends that she did not receive the promotion partly because she had no previous supervisory experience, a male candidate was awarded the promotion without any previous supervisory experience. *See* Pl.'s Resp. at 18 (citing Ex. Q, Pawelcik Resume).  In fact, both this candidate and another were provided with a three day "front-line leadership training" to "equip them with the necessary leadership/management skills" necessary for the supervisory position.  Pl.'s Resp. at 19 (citing Ex. 8, Pawelcik Dep.).

According to Safeway, the successful candidate who lacked prior supervisory experience had demonstrated leadership skills in his non-supervisory position.  *See* Def.'s Mot. Summ. J. Br. at 7.  And, as Ms. Towers was subsequently offered an opportunity to gain supervisory experience within her current position, Safeway treated her more favorably than they did any unsuccessful male candidate.  *See id.* at 9-10.

While it is acceptable to choose between equally qualified candidates based on subjective criteria, objective criteria cannot be manipulated for each candidate.  *See Colon-Sanchez*, 733 F.2d at 82 (citing *Burrus*, 683 F.2d at 343); *Simms*, 165 F.3d at 1328-30.  Viewing the evidence in the light most favorable to Ms. Towers, there is a genuine issue of fact as to whether Safeway manipulated the hiring criteria between Ms. Towers and male candidates.

Ms. Towers also claims statistical evidence supports Safeway's disparate treatment of women, noting that of 37 Warehouse Supervisor positions, men hold 34. Pl.'s Resp. at 10.  The evidentiary citation for this proposition, White Dep. at 122:7-12, Ex. 13 to Pl.'s Resp., does not appear as part of the record, but Safeway does not challenge these figures, just their meaning.  Safeway contends that this evidence is not probative of pretext in the absence of evidence regarding the number of female applicants for warehouse supervisor positions.  Def.'s Reply at 13.  While insufficient on its own, in the context of other evidence, such unchallenged statistics may allow a jury to reasonably infer a gender bias on the part of Safeway.  This is particularly true here, where an interviewer, Mr. Grambusch, offered an example of a supervisor's "weakness" in which a female supervisor could not pursue male subordinates who fled to the men's locker room to avoid her.  Pl.'s Resp. at 12-13 (citing Ex. 14, Grambusch Dep.).  Mr. Grambusch noted that a male would have handled the situation differently by "walk[ing] in the room."  *Id*.

Ms. Towers thus has presented sufficient evidence to place in controversy Safeway's proffered non-discriminatory reasons for not promoting her.  She has brought forth sufficient evidence "such that a reasonable jury could conclude that the proffered nondiscriminatory reason for the employment action is pretextual" or "'unworthy of belief.'"  *Simms*, 165 F.3d at 1328 (quoting *Beaird*, 145 F.3d at 1165). Therefore, summary judgment cannot be granted.  *See* F.R.Civ.P. 56(c).

## IV.   CONCLUSION

Ms. Towers has provided sufficient evidence that a reasonable jury could conclude that Safeway's proffered "legitimate, non-discriminatory reason" for failing to promote Ms. Towers is merely pretextual. *Nulf*, 656 F.2d at 558 (citing *McDonnell*, 411 U.S. at 802). For this reason, the Court DENIES Safeway's Motion for Summary Judgment (Dkt. # 46), filed August 01, 2005.

DATED: November 1, 2005

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge